Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 15246
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
E-mail: ron.richman@bullivant.com
E-mail: susan.olson@bullivant.com
Telephone: 415.352.2700
Facsimile: 415.352.2701

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and BOARD OF TRUSTEES OF THE LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA, <br><br> Plaintiffs, <br><br> vs. <br><br> KURT ALBIN ERNST individually and doing business as ERNST MECHANICAL COMPANY, a California Company, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT, TO RECOVER UNPAID TRUST FUND CONTRIBUTIONS, FOR BREACH OF FIDUCIARY DUTY AND FOR A MANDATORY INJUNCTION** <br><br> [29 U.S.C. § 185(a) and 29 U.S.C. §§ 1109, 1132(g)(2), 1145] |

Now come the Plaintiffs, hereinabove named, and for their causes of action against Defendants, and each of them, allege as follows:

**I. JURISDICTION AND VENUE**

1. This is an action for damages for breach of the collective bargaining agreement described below, for recovery of unpaid trust fund contributions, for breach of fiduciary duty

— 1 —
COMPLAINT FOR DAMAGES

1   and for injunctive relief. This Court has jurisdiction of the action under and pursuant to the
2   provisions of 29 U.S.C. § 185 (§ 301 of the Labor Management Relations Act of 1947, as
3   amended) and 29 U.S.C. §§ 1132(a)(3) and 1132(e)(1) (§§ 502(a)(3) and 502(e)(1) of the
4   Employee Retirement Income Security Act of 1974, as amended) ("ERISA"). The suit arises
5   from the defendants' failure to make trust fund contributions as required by its collective
6   bargaining agreements, by the written trust agreements and by provisions of federal law.

7       2.    Venue of the within action is properly laid in the U.S. District Court for the
8   Northern District of California in that, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2),
9   contributions are made to, and benefits are paid from, a corporate co-trustee bank in the
10  Northern District of California.

## II. PARTIES

12      3.    The Laborers Health and Welfare Trust Fund for Northern California, Laborers
13  Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund for
14  Northern California, and Laborers Training and Retraining Trust Fund for Northern California
15  are the Plaintiffs herein. The Laborers Health and Welfare Trust Fund for Northern California,
16  Laborers Vacation-Holiday Trust Fund for Northern California, Laborers Pension Trust Fund
17  for Northern California, and Laborers Training and Retraining Trust Fund for Northern
18  California ("the Trust Funds") are trust funds organized under and pursuant to the provisions of
19  §§ 302(c)(5) and 302(c)(6) of the Labor Management Relations Act of 1947, as amended, 29
20  U.S.C. §§ 186(c)(5) and 186(c)(6). The Trust Funds were established through collective
21  bargaining agreements between the Northern California District Council of Laborers and
22  employer associations representing construction industry employers doing business in Northern
23  California. The Trust Funds are employee benefit plans created by written trust agreements
24  subject to and pursuant to §§ 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37). The
25  Boards of Trustees, as fiduciaries, are the plaintiffs, who sue on behalf of the trust funds.

26      4.    Each of the Trust Funds is a third party beneficiary of the collective bargaining
27  agreement described below.

28

6080615.1    – 2 –
COMPLAINT FOR DAMAGES

5.  At all times mentioned herein, each of the Trust Funds was an express trust created by a written trust agreement subject to and pursuant to § 302 of the Labor Management Relations Act, 29 U.S.C. § 186, and a multi-employer benefit plan within the meaning of sections 3 and 4 of ERISA, 29 U.S.C. §§ 1002, 1003.

6.  The Trust Funds provide a variety of benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made pursuant to collective bargaining agreements. The duties of the Board of Trustees of the Trust Funds include ensuring that employers who are signatories to said collective bargaining agreements comply with the terms of those agreements with respect to payments and contributions to the Trust Funds.

7.  Plaintiffs are informed and believe, and upon that ground allege, that at all times material hereto, Ernst Mechanical Company is an unincorporated sole proprietorship of its owner, Kurt Albin Ernst, ("Ernst Mechanical") and is a business entity with its principal place of business located in San Leandro, California. Plaintiffs are further informed and believe, and upon that ground allege, that Ernst Mechanical is and has been an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145 and an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Plaintiffs are informed and believe, and upon that ground allege, that at all relevant times, defendant Kurt Albin Ernst ("Kurt Ernst") was an individual who was and is the sole proprietor and owned, operated and controlled Ernst Mechanical and that Kurt Ernst acted directly or indirectly in the interest of Ernst Mechanical with respect to the plaintiff employee benefit plans, and that, at all relevant times, defendant Kurt Ernst was an employer within the meaning of Section 3(5) and Section 515 of ERISA, 29 U.S.C. §§ 1002(5), 1145. Plaintiffs are informed and believe, and on that ground allege, that at all relevant times defendants constituted a single employer.

### III.  FIRST CLAIM FOR RELIEF

**(Breach of Collective Bargaining Agreement)**

8.  Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-7 of this Complaint.

60806l5.1                                  – 3 –
COMPLAINT FOR DAMAGES

1  9. By virtue of signing a memorandum agreement, defendants became bound to a written collective bargaining agreement with the Northern California District Council of Laborers ("Laborers Union") entitled the Laborers' Master Agreement For Northern California ("Master Agreement"). In agreeing to be bound to the Master Agreement, defendants further agreed to be subject to and bound by all provisions and conditions of the written Trust Agreements which established the trust funds. Pursuant to the provisions of the Master Agreement, defendants agreed to be bound by all terms relating to wages, hours and conditions of employment prescribed therein with the Laborers' Union.

10. By virtue of the Master Agreement and written trust agreements, defendants promised and agreed that: (1) they would pay employee fringe benefit contributions into each Trust Fund in regular monthly installments commencing on or before the 15th day of the month immediately succeeding the month in which the employee's work was performed; (2) that in the event that any of said monthly installments were not paid in full on or before the 25th day of the month in which such contributions became due, they would pay interest on the delinquent contribution in the amount of 1.5% per month until paid in full, and would also pay the amount of $150.00 for each delinquent contribution as liquidated damages, and not as a penalty; and (3) that if any suit with respect to any of said contributions or payments were filed against them, defendants would pay into said Trust Funds the attorneys' fees, costs and all other expenses incurred in connection with such suit.

11. The Master Agreement between the Union and defendants has never been terminated.

12. Plaintiffs have performed all conditions, covenants and promises on their part to be performed in accordance with the terms and conditions of the Master Agreement and trust agreements.

13. Within four years last past, defendants materially breached and broke the aforesaid Master Agreement and trust agreements in the following respects:

/ / /

/ / /

      a. by failing to report and pay all employee fringe benefit contributions into each Trust Fund for the period January 2003 through May 2005 in the principal amount of $39,164.45; and

      b. by failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions calculated to be $28,520.82 as of December 25, 2007.

14. The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial, for unpaid contributions (not reported, not paid) in the principal amount of $39,164.45 plus interest and liquidated damages; and calculated to be $28,520.82 as of December 25, 2007. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

15. Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of the Master Agreement and the trust agreements, Plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## IV. SECOND CLAIM FOR RELIEF
### (Recovery of Unpaid Trust Fund Contributions)
### (ERISA §§ 502(g)(2), 515)

16. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-15 of this Complaint.

17. ERISA Section 515, 29 U.S.C. §1145, requires defendants to make such contributions to the plaintiff Trust Funds as are required under the terms of their collective bargaining agreement with the Union. Pursuant to the provisions of their trust agreements, plaintiffs are entitled to enforce defendants' obligations to make those contributions.

18. Plaintiffs are informed and believe, and on that ground allege, that defendants: failed to report and pay all employee fringe benefit contributions into each Trust Fund for the period January 2003 through May 2005 in the principal amount of $39,164.45, according to

1  proof at trial. Defendants are further obligated by the provisions of the Master Agreement and
2  the trust agreements to pay interest on unpaid contributions at the rate of 1.5% per month until
3  paid and liquidated damages in the amount of $150.00 for each month that defendants failed to
4  timely report and pay all employee fringe benefit contributions into each Trust Fund.

19.    Pursuant to the provisions of ERISA, Section 502(g)(2), 29 U.S.C. §1132(g)(2), plaintiffs are entitled to the following statutory relief:

(a) Section 502(g)(2)(A): for contributions not reported and not paid, an award of the unpaid fringe benefit contributions in the approximate principal amount of $39,164.45, according to proof at trial;

(b) Section 502(g)(2)(B): for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $25,370.82 as of December 25, 2007;

(c) Section (g)(2)(C): the additional award of an amount equal to the greater of (i) interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment or liquidated damages [$25,370.82]; or (ii) liquidated damages under the Master Agreement and trust agreements of $150.00 for each month that defendants failed to timely report and pay all employee fringe benefit contributions into each Trust Fund, calculated to be: $3,150.00 as of December 25, 2007 for contributions not reported and not paid.

20.    Plaintiffs have incurred and will continue to incur attorneys' fees in the within action. Pursuant to the provisions of §502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g)(2)(D), plaintiffs request that the Court award plaintiffs their attorneys' fees and costs incurred in the bringing of the within action.

WHEREFORE, plaintiffs pray for judgment as set forth below.

///
///

## V. THIRD CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

### (ERISA §§ 409(a) and 502(a)(2))

21. Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-20 of this Complaint.

22. Pursuant to the trust agreements establishing the Trust Funds, the funds' assets include employee fringe benefits contributions that are required to be made to the Trust Funds. Employee fringe benefit contributions that are due and become delinquent are therefore assets of the Trust Funds.

23. Plaintiffs are informed and believe, and on that ground allege, that at all relevant times, Kurt Ernst, as the sole proprietor of Ernst Mechanical, exercised authority or control over the payment of the employee fringe benefit contributions required to be made to the Trust Funds by Ernst Mechanical and that Kurt Ernst was a fiduciary as defined by ERISA Section 3(21), 29 U.S.C. § 1002(21), and was therefore also a party in interest as defined by ERISA Section 3(14)(A), 29 U.S.C. § 1002(14)(A). At all relevant times, defendant Kurt Ernst was an employer whose employees were covered by the Trust Funds' plans and was a party in interest within the meaning of ERISA Section 3(14)(C), 29 U.S.C. § 1002(4)(C).

24. Plaintiffs are informed and believe, and on that ground allege, that defendant Kurt Ernst's role in Ernst Mechanical's failure to make the employee fringe benefit contributions that became due to the Trust Funds constituted a breach of his fiduciary duties, in that he failed to act for the exclusive purpose of providing benefits to participants in the Trust Funds' plans and their beneficiaries, and instead dealt with these assets of the Trust Funds in his own interest and/or in the interest of Ernst Mechanical. Plaintiffs are authorized to seek relief for this breach under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2). As a result of said breaches, defendant Ernst has become indebted to plaintiffs as follows:

    a. by failing to report and pay all employee fringe benefit contributions into each Trust Fund for the period January 2003 through May 2005 in the principal amount of $39,164.45; and

          b.  by failing to pay interest and liquidated damages on the unpaid and delinquent employee fringe benefit contributions calculated to be $28,520.82 as of December 25, 2007.

The aforesaid material breaches proximately caused damages to plaintiffs in the following approximate amounts, all according to proof at trial: for unpaid contributions (not reported, not paid) in the principal amount of $39,164.45 plus interest and liquidated damages; and calculated to be $28,520.82 as of December 25, 2007. Interest will continue to accrue at the rate of 1.5% each month during the pendency of this lawsuit.

25.    In addition, pursuant to ERISA Section 409(a), 29 U.S.C. § 1109(a), plaintiffs request that the Court grant plaintiffs such further remedial relief as the court deems just and proper.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VI. FOURTH CLAIM FOR RELIEF

### (Mandatory Injunction)

### (ERISA § 502(g)(2)(E))

26.    Plaintiffs reallege and incorporate by reference, as though fully set forth, the allegations contained in paragraphs 1-26 of this Complaint.

27.    Pursuant to the terms and conditions of the Master Agreement and trust agreements, defendants are required to allow the Trust Funds access to their books and records to determine the amount of trust fund contributions due and owing. Plaintiffs have, as one of their purposes, the obligation to ensure that contributions required to be made to the Trust Funds are fully and correctly made. The purposes of the respective funds are to provide health and welfare, vacation, pension and other benefits for laborers, retired laborers and other related covered employees on whose behalf contributions are made, which benefits are supported by such contributions, and to ensure that employers who are signatories to the collective bargaining agreement referred to herein comply with the terms of the agreement with respect to the payment of contributions to the Trust Funds.

/ / /

28. Pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), the Court may award such other legal or equitable relief as the Court deems appropriate, and pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), plaintiffs are entitled to obtain appropriate equitable relief for the breaches alleged herein. Plaintiffs seek a mandatory injunctive order of this Court ordering and requiring defendants to permit plaintiffs' auditor access to the books and records of defendants, in order to permit plaintiffs to verify the precise amounts owed by defendants to the Trust Funds.

29. Plaintiffs seek a mandatory injunctive order from this Court because plaintiffs have no adequate legal remedy in that an audit of the books and records of defendants is the only means to accurately verify the additional amounts owed by defendants to the Trust Funds.

WHEREFORE, plaintiffs pray for judgment as set forth below.

## VII. **RELIEF REQUESTED**

WHEREFORE, plaintiffs pray for judgment as follows:

1. On the First Claim for Relief, for damages for breach of the collective bargaining agreement for judgment against the defendants, and each of them, for unpaid contributions (not reported, not paid) in the principal amount of $39,164.45 plus interest and liquidated damages, calculated to be $28,520.82 as of April 25, 2007, all additional accrued interest and liquidated damages, and such other or further amounts as may be shown at trial and as may be discovered after plaintiffs have had the opportunity to conduct an audit of defendants' books and records, for costs of suit, attorneys' fees and for such other further relief as the Court may deem just and proper.

2. On the Second Claim for Relief, for recovery under ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), for judgment against the defendants, and each of them, as follows: (a) under Section 502(g)(2)(A) - for contributions not reported and not paid, an award of the unpaid fringe benefit contributions in the approximate principal amount of $39,164.45, according to proof at trial; (b) under Section 502(g)(2)(B) - for contributions not reported and not paid, an award of interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of the delinquency, until the date of judgment, calculated to be $25,370.82 as of December 25,

1  2007; and (c) Section (g)(2)(C) - the additional award of an amount equal to the greater of (i)
2  interest on the unpaid fringe benefit contributions at the rate of 1.5% per month, from the date of
3  the delinquency, until the date of judgment or liquidated damages [$25,370.82]; or (ii)
4  liquidated damages under the Master Agreement and trust agreements of $150.00 for each
5  month that defendants failed to timely report and pay all employee fringe benefit contributions
6  into each Trust Fund, calculated to be: $3,150.00 as of December 25, 2007 for contributions not
7  reported and not paid; (d) all additional accrued interest and liquidated damages, and such other
8  or further amounts as may be shown at trial and as may be discovered after plaintiffs have had
9  the opportunity to conduct an audit of defendants' books and records, for costs of suit,
10 attorneys' fees and for such other further relief as the Court may deem just and proper.

11      3.   On the Third Claim for Relief, for breach of fiduciary duty under ERISA § 409(a),
12 29 U.S.C. § 1109(a), for judgment against defendant Ernst, for unpaid contributions (not
13 reported, not paid) in the principal amount of $39,164.45 plus interest and liquidated damages,
14 calculated to be $28,520.82 as of December 25, 2007 plus all additional accrued interest and
15 liquidated damages, and such other or further amounts as may be shown at trial and as may be
16 discovered after plaintiffs have had the opportunity to conduct an audit of defendants' books
17 and records, for costs of suit, attorneys' fees and for such other further relief as the Court may
18 deem just and proper.

19      4.   On the Fourth Claim for Relief, that defendants be compelled to forthwith submit to
20 an audit by an auditor selected by plaintiffs, which audit is to be conducted at the premises of
21 defendants during business hours, at a reasonable time or times, and to allow said auditor to
22 examine and copy such books, records, papers and reports of defendants that are relevant to the
23 enforcement of the collective bargaining agreement and trust agreements, including, but not
24 / / /
25 / / /
26 / / /
27 / / /
28

1
2  limited to, the following for the period of June 1, 2005 through the present:

3       California Quarterly Report of Wages, Form DE-6; Federal Tax
         Forms W-3/W-2 and 1069/1099; Payroll Registers/Journals;
4        Individual Earnings Records; Source Records, including time cards
         and time card summaries for all employees; contribution reports for
5        all trust funds; workers' compensation reports; certified payroll
         reports; personnel records indicating job classifications and
6        hire/termination dates; cash disbursement journal; vendor invoices;
         copies of subcontract agreements; cash receipts journal; general
7        ledger; job cost records; records of related entities; and any other
         books and records that may be necessary to complete the auditor's
8        determination or provide additional explanation.

9
   DATED: January 17, 2008
10
                                      BULLIVANT HOUSER BAILEY PC
11

12
                                      By  /s/ Ronald L. Richman
13                                        Ronald L. Richman

14
                                      Attorneys for Plaintiffs
15

16
17
18
19
20
21
22
23
24
25
26
27
28

6080615.1                           – 11 –
                            COMPLAINT FOR DAMAGES