KENNETH D. ROBIN (SBN 41533)
ATTORNEY AT LAW
2204 Union Street
San Francisco, CA 94123
Email: kdrobin@sbcglobal.net
Telephone: (415) 563-2400
FAX: (415) 931-9981
Attorney for Kurt Albin Ernst, individually and dba
Ernst Mechanical Company, a California Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, etc., et al, <br><br> Plaintiffs <br><br> vs. <br><br> KURT ALBIN ERNST etc., <br><br> Defendant. | C 008 – 0355 PJH <br><br> **DEFENDANT'S ANSWER TO COMPLAINT** <br> (DEMAND FOR JURY TRIAL) |

    Comes now defendant Kurt Albin Ernst, individually and doing business as Ernst Mechanical Company, a California Company (herein "Ernst"), answering for himself alone the complaint of Plaintiffs Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, Board of Trustees of the Laborers Vacation-Holiday Trust Fund for Northern California, Board of Trustees of the Laborers Pension Trust Fund for Northern California, and Board of Trustees of the Laborers Training and Retraining Trust

Fund for Northern California (herein collectively "Plaintiffs"), and admits, denies and avers as follows:

Ernst does not have sufficient information or belief to enable him to admit or deny any of the averments of the complaint hereinafter denied for want of information or belief, and Ernst denies each such averment of the complaint on that basis.

## RESPONSE TO "JURISDICTION AND VENUE" AVERMENTS

1.   Responding to ¶1 thereof, Ernst admits that the complaint of Plaintiffs avers that this Court has subject matter jurisdiction under the provisions of 29 U.S.C. §185 (§301 of the Labor Management Relations Act of 1947 as amended) and 29 U.S.C. §§1132(a)(3) and 1132(e)(1) (§§502(a)(3) and 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended), and with that exception Ernst denies each and every averment therein.

2.   Responding to ¶2 thereof, Ernst admits that the complaint of Plaintiffs avers that this Court is the proper venue for its claims, and with that exception Ernst denies each and every averment therein.

## RESPONSE TO "PARTIES" AVERMENTS

3.   Ernst denies for want of information or belief each and every averment of ¶3 thereof.

4.   Ernst denies for want of information or belief each and every averment of ¶4 thereof.

5.   Ernst denies for want of information or belief each and every averment of ¶5 thereof.

6.   Ernst denies for want of information or belief each and every averment of ¶6 thereof.

7. Responding to ¶7 thereof, Ernst admits the averments set forth in the first sentence thereof, denies for want of information or belief each and every averment of the second sentence thereof, admits the averment within the third sentence thereof that Ernst in the sole proprietor of Ernst Mechanical and with that exception denies for want of information and belief each and every averment therein, and denies for want of information or belief each and every averment of the fourth sentence thereof.

## ANSWER TO FIRST CLAIM FOR RELIEF

8. Ernst incorporates by this reference each and every averment of his ¶¶ 1-7, inclusive, as set forth above, as if set forth herein in full.

9. Responding to ¶9 thereof, Ernst admits that he signed a written agreement with Plaintiffs, or some of them, and with this exception denies for want of information or belief each and every averment therein.

10. Responding to ¶10 thereof, Ernst admits that he signed a written agreement with Plaintiffs, or some of them, and with this exception denies for want of information or belief each and every averment therein.

11. Ernst denies for want of information or belief each and every averment of ¶11 thereof.

12. Ernst denies for want of information or belief each and every averment of ¶12 thereof.

13. Ernst denies each and every averment of ¶13 thereof.

14. Ernst denies each and every averment of ¶14 thereof.

15. Ernst denies each and every averment of ¶15 thereof.

**ANSWER TO SECOND CLAIM FOR RELIEF**

16. Responding to ¶16 thereof, Ernst incorporates by this reference each and every averment set forth in his ¶¶1-7, inclusive, and ¶¶9-15, inclusive, as set forth above, as if set forth in full herein.

17. Ernst denies for want of information or belief each and every averment of ¶17 thereof.

18. Ernst denies each and every averment of ¶18 thereof.

19. Ernst denies each and every averment of ¶19 thereof.

20. Ernst denies each and every averment of ¶20 thereof.

**ANSWER TO THIRD CLAIM FOR RELIEF**

21. Responding to ¶21 thereof, Ernst incorporates by this reference each and every averment set forth in his ¶¶1-7, inclusive, ¶¶9-15, inclusive, and ¶¶17-20, inclusive, as set forth above, as if set forth in full herein.

22. Ernst denies for want of information or belief each and every averment of ¶22 thereof.

23. Responding to ¶23 thereof, Ernst admits that he is the sole proprietor of Ernst Mechanical and that he has authority in connection with employee fringe benefit contributions, and with these exceptions denies each and every averment therein.

24. Ernst denies each and every averment of ¶24 thereof.

25. Ernst denies each and every averment of ¶25 thereof.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

26. Responding to ¶26 thereof, Ernst incorporates by this reference each and every averment set forth in his ¶¶1-7, inclusive, ¶¶9-15, inclusive, ¶¶17-20, inclusive, and ¶¶22-25, inclusive, as set forth above, as if set forth in full herein.

27.  Ernst denies for want of information or belief each and every averment of ¶27 thereof.

28.  Ernst denies for want of information or belief each and every averment of ¶28 thereof.

29.  Ernst denies each and every averment of ¶29 thereof.

## AFFIRMATIVE DEFENSES

30.  The claims of Plaintiffs, and each of them, fail to aver facts sufficient to state a claim for relief against Ernst.

31.  The claims of Plaintiffs, and each of them, are barred pursuant to the principals of res judicata, of collateral estoppel, and of accord and satisfaction, by reason of the complete compliance by Ernst with each and every one of the terms and conditions of each and every written agreement he has negotiated with Plaintiffs, or any of them.

32.  The claims of Plaintiffs, and each of them, are barred pursuant to the principals of applicable provisions of statutes of limitation.

WHEREFORE, defendant Ernst prays for relief as follows:

1.  That judgment be entered in his favor;

2.  That judgment be entered against Plaintiffs and each of them, and that they and each of them take nothing by reason of their complaint herein;

3.  For costs of suit incurred herein, including reasonable attorney's fees; and

4.  For such other and further relief as this Court deems proper in the premises.

**JURY TRIAL DEMAND**

Pursuant to FRCP Rule 38(b) and Local Rule 3-6(a), defendant hereby demands a jury trial.

Dated: July 2, 2008

LAW OFFICES OF KENNETH D. ROBIN

By    /s/ Kenneth D. Robin
Kenneth D. Robin
Attorney for Kurt Albin Ernst, individually and dba Ernst Mechanical Company, a California Company

**CERTIFICATION OF INTERESTED PARTIES OR ENTITIES**

Pursuant to Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report..

Dated: July 2, 2008

LAW OFFICES OF KENNETH D. ROBIN

By    /s/ Kenneth D. Robin
Kenneth D. Robin
Attorney of Record for Kurt Albin Ernst, individually and dba Ernst Mechanical Company, a California Company
